IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BUZZBALLZ, LLC,

    *Plaintiff*,

v.                    Case No. 4:25-cv-5040

                       **JURY DEMAND REQUESTED**

MPACT BEVERAGE SOLUTIONS, LLC,

    *Defendant*.

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff BuzzBallz, LLC ("Plaintiff" or "BuzzBallz") hereby brings this Complaint against Defendant MPact Beverage Solutions, LLC ("Defendant" or "MPact") for infringement of U.S. Design Patent No. D1,080,384 (the "'384 Patent"), and in support thereof states as follows:

### I.    NATURE OF THE ACTION

1. This is an action for infringement of a design patent under the patent laws of the United States, 35 U.S.C. § 1 et seq.

2. BuzzBallz is a Texas-based company that developed and commercialized a distinctive beverage container for an extremely successful line of ready-to-drink alcoholic beverages. MPact is knowingly and willfully infringing the '384 Patent by manufacturing, marketing, and/or selling alcoholic beverages in containers that are substantially the same in overall visual impression as BuzzBallz's patented design, including its "MPact MAX High ABV Ready-To-Drink Cocktail" products.

3. BuzzBallz brings this action to stop MPact's ongoing infringement, to recover damages for the harm caused, and to obtain enhanced and injunctive relief for MPact's willful continued violation of BuzzBallz's patent rights.

1

## II. THE PARTIES

4. Plaintiff BuzzBallz, LLC is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business at 2114 McDaniel Drive, Carrollton, Texas 75006.

5. Defendant MPact Beverage Solutions, LLC is incorporated under the laws of Texas and has its principal place of business at 13121 Louetta Road #1500, Cypress, Texas 77429.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271.

7. This Court has personal jurisdiction over Defendant because Defendant is organized under the laws of the State of Texas, maintains a headquarters in the State of Texas, and has committed acts of infringement in the State of Texas.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendant resides in this District (Houston Division). Defendant maintains a regular and established place of business in this District.

## IV. FACTUAL BACKGROUND

**BuzzBallz and Its Patented Container.**

9. BuzzBallz is a Texas-based beverage company that develops and sells a variety of ready-to-drink alcoholic cocktails packaged in distinctive containers.

10. The concept for BuzzBallz was conceived in the mid-2000s by its founder, Merrilee Kick—at the time, a high school teacher—who was looking for a convenient way to sip a cocktail on a hot summer day. BuzzBallz was founded in July 2009, and through years of hard work, industry research, and financial investment, has grown to be a leading producer of ready-to-drink cocktails.

2

11. Although BuzzBallz was founded in and is based in Texas, BuzzBallz has grown substantially since its founding, now selling products in all throughout the United States and internationally. BuzzBallz-branded alcoholic beverages have become the number one ready-to-drink, single-serve cocktails in the United States. BuzzBallz sells millions of cases annually, generating tens of millions of dollars in sales.

12. BuzzBallz's products, which are sold in retail stores and promoted online, including at www.buzzballz.com, consist of high-quality, pre-mixed alcoholic beverages made from natural juices and premium ingredients.

13. BuzzBallz alcoholic beverages are packaged in unique containers, examples of which are shown below.



14. In addition to other intellectual property protection, BuzzBallz has obtained multiple patents relating to its innovative container designs, including the '384 Patent.

15. On June 24, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Design Patent No. Dl,080,384, titled "Beverage Container" to BuzzBallz. Merrilee Kick is the named inventor of the '384 Patent. A true and correct copy of the '384 Patent is attached hereto as **Exhibit A** and is incorporated herein by reference in its entirety.

16. The '384 Patent generally relates to beverage containers. For example, Figure 1 of

the '384 Patent, reproduced below, illustrates



FIG. 1

**Defendant MPact's Products Infringe the '384 Patent.**

17. Like BuzzBallz, Defendant produces ready-to-drink single-serve alcoholic beverages.

18. Defendant is infringing BuzzBallz's patent rights by marketing and, on information and belief, selling beverages in containers MPact refers to as "MPact MAX High ABV Ready-To-Drink Cocktail." Examples of MPact's infringing products are shown below (collectively, the "Infringing Containers").



19. Defendant has been marketing this product and container through promotional materials in industry magazines/newsletters and on Defendant's website (https://www.mpactbeverage.com/home) touting MPact's attendance at the National Association of Convenience Stores Show ("NACS") occurring on October 14-17, 2025, in Chicago, Illinois. For example, below is a true and accurate screenshot of Defendant's website, which indicates that the Infringing Containers are "now available in Most U.S. Markets!  Come have a Cocktail at Booth: S4987." (last accessed Oct. 17, 2025).



20. On September 19, 2025, prior to the NACS show, BuzzBallz contacted Defendant

via letter (the "Demand Letter") informing MPact of the '384 Patent and providing notice that the Infringing Containers depicted above, more specifically the container for the "MPact MAX High ABV Ready-To-Drink Cocktail," infringe the '384 Patent.

21. The Demand Letter stated that BuzzBallz was prepared to pursue prompt legal action for patent infringement and injunctive relief and attached infringement charts that map the Infringing Containers to the design of the '384 Patent. A true and correct copy of the Demand Letter and accompanying infringement charts is attached as **Exhibit B**.

22. Defendant's Infringing Containers infringe the '384 Patent, as illustrated in the exemplary chart attached to the Demand Letter and as shown below:



23. Specifically, the '384 Patent shows a beverage container giving a certain visual impression due to the solid lines depicted in drawings of the patent. As shown in the comparative figures above, Defendant's Infringing Containers embody and practice all the elements of the '384 Patent and the overall visual impression of the accused product is substantially the same as the

claimed design. Thus, Defendant's Infringing Containers infringe the '384 Patent either literally or under the doctrine of equivalents.

24. In the Demand Letter, BuzzBallz requested that Defendant: (i) cease manufacturing, using, importing, marketing, selling, and offering to sell the Infringing Containers in any jurisdiction; (ii) remove the Infringing Containers from all areas of Defendant's catalogs, websites, social media channels, and online marketplaces; (iii) provide a full accounting of MPact's sales of products in the Infringing Containers; (iv) identify all parties from which MPact has purchased and/or licensed the Infringing Containers; and (v) identify all parties involved in the manufacturing and production of the Infringing Containers.

25. BuzzBallz requested MPact to comply with the enumerated demands by Oct. 1, 2025.

26. In lieu of responding to BuzzBallz's Demand Letter, Defendant raced to the courthouse and filed an action for declaratory judgment of noninfringement of the '384 Patent on the Demand Letter's compliance deadline, Oct. 1, 2025, in the United States District Court for the District of Delaware, Case No. 1:25-cv-01219-JLH.[1]

27. Despite receiving actual notice that MPact's Infringing Containers infringe the '384 Patent, Defendant ignored BuzzBallz's patent rights, filed a preemptive declaratory-judgment action for noninfringement of the '384 Patent on the Demand Letter's deadline before BuzzBallz could protect its patent rights, attended NACS on October 15-17 as advertised on MPact's website, and continues, on information and belief, to make widespread sales of the Infringing Containers.

28. Having full notice of the '384 Patent and BuzzBallz's infringement analysis, MPact

---

[1] Pursuant to Local Rule 5.2 of the Southern District of Texas, Plaintiff advises the Court of related litigation involving the same patent at issue in this action. That case remains pending but will be subject to a motion to dismiss.

8

has continued to manufacture, market, and sell its Infringing Containers. MPact's conduct has caused and continues to cause substantial harm to BuzzBallz, including decreased profits, loss of market share, diminished competitive advantage of its patented product design, and damage to reputation. Absent judicial intervention, MPact's ongoing infringement will continue to cause irreparable injury that cannot be fully remedied by monetary damages alone. Accordingly, BuzzBallz brings this action to enforce its federally protected design-patent rights and to obtain the relief set forth below.

## V.     FIRST CLAIM FOR RELIEF

### Defendant's Direct Infringement of the '384 Patent (35 U.S.C. § 271(a))

29.     BuzzBallz reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

30.     The '384 Patent is a valid, enforceable, and patent-eligible patent that was duly issued by the USPTO. *See* Exhibit A.

31.     BuzzBallz is the owner of the '384 Patent with full rights to pursue recovery of damages for infringement, including reasonable royalties and past and future damages.

32.     Defendant is directly infringing the '384 Patent by making, using, offering to sell, selling, or importing into the United States products, including the Infringing Containers, that practice the '384 Patent.

33.     Defendant has infringed and continues to infringe, either literally or under the doctrine of equivalents, the '384 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing into the United States Defendant's Infringing Containers.

34.     As a result of Defendant's unlawful infringement of the '384 Patent, BuzzBallz has suffered and will continue to suffer damages. BuzzBallz is entitled to recover from Defendant compensation and monetary relief to the fullest extent allowed by law, which has yet to be

determined.

35. Defendant has possessed actual knowledge of the '384 Patent and infringement by the Infringing Containers at least since September 19, 2025, when BuzzBallz notified Defendant of its infringement, such that Defendant's continued infringement thereafter is willful. Any making, using, offering to sell, selling, or importing by Defendant of the Infringing Containers subsequent to the date Defendant received BuzzBallz's Demand Letter detailing Defendant's infringement demonstrates a deliberate and conscious decision to infringe the '384 Patent or a reckless disregard of BuzzBallz's patent rights.

36. This case is an exceptional case under 35 U.S.C. § 285. BuzzBallz is entitled to treble damages and attorney's fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

37. As shown by Defendant's conduct to ignore the Demand Letter and attend NACS, Defendant will continue to infringe the '384 Patent unless and until it is enjoined by this Court. Defendant's acts of infringement have caused and will continue to cause irreparable harm to BuzzBallz until enjoined by this Court.

## VI.     REQUEST FOR INJUNCTIVE RELIEF

38. BuzzBallz will suffer immediate and irreparable damage, injury, and harm for which there is no adequate remedy at law if Defendant is not immediately and permanently enjoined from the conduct listed above.

39. Public policy favors the protection of intellectual property rights and the prevention of unfair competition through patent infringement, and any injunctive relief granted herein will therefore be in accordance with public policy.

40. The potential damage to BuzzBallz if the injunctive relief requested herein is not granted far outweighs any harm that Defendant will suffer as a result of the injunctive relief

requested. Immediate and permanent injunctive relief is therefore appropriate.

41. BuzzBallz requests that the Court issue preliminary and permanent injunctive relief enjoining Defendant and its officers, directors, agents, employees, successors, assigns and attorneys, and all other persons and entities in active concert or participation with Defendant who receive notice of the injunction, from doing, aiding, causing or abetting Defendant's making, using, offering to sell, selling, or importing into the United States any product covered by the '384 Patent for the full term thereof.

## VII. JURY DEMAND

42. BuzzBallz hereby demands a trial by jury of all claims so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, BuzzBallz requests that the Court enter judgment in its favor and against Defendant as follows:

A. Granting the injunctive relief requested above;

B. Ordering Defendant to file with the Court and serve upon counsel for BuzzBallz within thirty (30) days after the entry of the injunction prayed for in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

C. Finding that Defendant has directly infringed the '384 Patent;

D. Awarding BuzzBallz all available damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the '384 Patent, up until the date judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 to adequately compensate BuzzBallz for Defendant's infringement;

E. Finding that Defendant's infringement of the '384 Patent has been willful and deliberate;

F. Awarding BuzzBallz treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the '384 Patent;

G. Finding this case is exceptional within the meaning of 35 U.S.C. § 285;

H. Awarding BuzzBallz attorneys' fees, costs, and expenses incurred in prosecuting this action; and

I. Awarding BuzzBallz all such further relief at law or in equity to which it may be justly entitled.

Dated: October 22, 2025

Respectfully submitted,

*/s Gregory S. Tamkin*

Gregory S. Tamkin (*pro hac vice forthcoming*)
**Attorney-in-Charge**
CO State Bar No. 27105
tamkin.greg@dorsey.com
**DORSEY & WHITNEY LLP**
1400 Wewatta Street, Suite 400
Denver, CO 80202
(303) 629-3400 (main)
(303) 629-3450 (facsimile)

**HAYNES AND BOONE, LLP**

Jason P. Bloom
*jason.bloom@haynesboone.com*
Texas Bar. No. 24045511
S.D. Tex. Bar No. 690954
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

*/s Jason W. Whitney*
Jason W. Whitney
jason.whitney@haynesboone.com
Texas Bar No. 24066288
S.D. Tex. Bar No. 1673877
112 East Pecan Street, Suite 2400
San Antonio, Texas 78205
Telephone: (210) 978-7000
Facsimile: (210) 978-7450

*Attorneys for Plaintiff BUZZBALLZ, LLC*